[Civ. No. 4105. Third Appellate District.—May 26, 1930.]

TANEO FUKUCHI et al., Appellants, v. YUSAN TAKE-SHIGE et al., Respondents.

J. Marion Wright for Appellants.

Lorrin Andrews for Respondents.

PLUMMER, J.—The plaintiff above named and thirteen others began this action against the defendant above named and fifteen others to obtain an injunction restraining the defendants from acting as directors of a certain voluntary Association of Japanese of Pasadena; also, for an accounting. Judgment was entered on the pleadings, in favor of

the defendants, and from this judgment the plaintiffs appeal.

The record shows that the Japanese Association of Pasadena is an unincorporated, voluntary, nonprofit association, organized for the purpose of promoting friendship among its members and a more mutual and friendly understanding between Japanese and Americans. The association appears to have adopted by-laws, which by-laws, however, are not set forth in the transcript. It would appear from the complaint that the by-laws provided for the payment of certain dues by its members to defray the expenses of the association. It is alleged in the complaint that the association has over two hundred members; that this action is prosecuted for the benefit of the association. The complaint further shows that the plaintiffs and appellants in this action claim to have been elected directors thereof at the annual meeting of the association held on or about January 23, 1927; that the term of office of the directors so elected would expire on the twenty-third day of January, 1928. The complaint further shows that thereafter, and on or about the seventh day of February, 1927, at a ''called'' meeting of the association, alleged to have been called without any authority, and not in accordance with the provisions of the by-laws of the association, the defendants herein claim to have been elected directors of said association for the period above mentioned. ▮ It is then alleged in the complaint that the defendants so claiming to be elected directors of the association proceeded to take charge of the business of the association, and at the time of the filing of the complaint were in charge of the business of the association; that as such directors the defendants had collected in dues and donations the sum of about two thousand dollars. The part of said sum constituting donations, the exact amount of which is not alleged in the complaint, was for the purpose of holding a picnic in the month of March, 1927. While the complaint alleges that the association has been damaged in the sum of two thousand dollars, being the sum alleged to have been collected by the defendants as dues belonging to the association, there is no showing in the complaint that the defendants have not accounted to the association for every dollar collected, nor is there any alle-

gation in the complaint to the effect that any of the sums collected have been either retained by the defendants, or any of them, or that any part of the same has been used improperly, or for the benefit of any of the defendants. For aught that appears in the complaint, every dollar collected has been turned over to the treasury of the association.

There being nothing in the complaint showing cause for an accounting, the question turns upon the denial of the trial court to grant an injunction restraining and prohibiting the defendants from acting as directors of the association for the term expiring on the twenty-third day of January, 1928.

While the briefs of counsel have gone into the question of the right of the plaintiffs to maintain this action under the provisions of section 382 of the Code of Civil Procedure, and also as to the right or power of the court to grant an injunction to restrain parties claiming to be the directors of a voluntary association, the statement of facts which we have set forth herein discloses that whatever we might say as to the law upon the subject would be of no value either to the appellants or to the respondents. Even though it be adjudged that the plaintiffs, under the provisions of the section of the code referred to, had the right to institute and maintain this action, and that the court had jurisdiction to determine who were the elected directors of the association for the term beginning January 23, 1927, and ending January 23, 1928, it would simply be pronouncing a judgment relative to a controversy that has become moot. It has long been the established law of this state that the court will not entertain jurisdiction, on appeal, of controversies which have become moot.

In view of the facts disclosed by this record, and as stated above, the rules of law as set forth in 2 California Jurisprudence, pages 123 to 127, sections 12 and 13, apply. The law as set forth in the text and as reported by the cases cited shows that under such circumstances as are disclosed by the record in this case the appeal will be dismissed. The controversy as to the right of the parties involved in this action to serve as directors of the association named in the complaint, from January 23, 1927, to

January 23, 1928, having become moot, it is hereby ordered that the appeal herein be and the same is hereby dismissed.

Thompson (R. L.), J., and Finch, P. J., concurred.